UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

# FILED

OCT 17 2008

Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| JASON KIRSCHENBAUM, DANIELLE LYNN TEITLEBAUM, JOSHUA KIRSCHENBAUM, DAVID KIRSCHENBAUM, and ISABELLE KIRSCHENBAUM, Individually and as Executrix of the Estate of MARTIN KIRSCHENBAUM[1] | : : : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| THE ISLAMIC REPUBLIC OF IRAN Ministry of Foreign Affairs Khomeini Avenue United Nations Street Tehran, Iran, | : : : : : : | C.A. No.  Case: 1:08-cv-01814 Assigned To : Lamberth, Royce C. Assign. Date : 10/17/2008 Description: PI/Malpractice |
| and | : : | |
| THE IRANIAN MINISTRY OF INFORMATION AND SECURITY Pasdaran Avenue Golestan Yekom Tehran, Iran | : : : : : : | |
| Defendants. | : : | |

## COMPLAINT

Plaintiffs Jason Kirschenbaum, Isabelle Kirschenbaum, both individually and as

Executrix of the Estate of Martin Kirschenbaum, Danielle Lynn Teitlebaum, Joshua

Kirschenbaum, and David Kirschenbaum, by counsel, hereby bring this complaint against

Defendants The Islamic Republic of Iran and The Iranian Ministry of Information and Security,

raising claims under federal antiterrorism provisions, federal common law and New York law.

---

[1] The petition to appoint Plaintiff Isabelle Kirschenbaum as Executor of Martin Kirschenbaum's Estate is currently pending before the probate court in Westchester County of the State of New York (File No. 2008-2034).

## NATURE OF SUIT

1.      This Complaint is filed as a related action to *Kirschenbaum et al. v. Islamic Republic of Iran et al.* Civil Action No. 03-1708 (D.D.C. 2008) (hereinafter "original action") pursuant to §1083(c)(3) of Pub L. 110-181. On August 26, 2008, this Court entered a judgment awarding $13,750,000.00 in compensatory damages in the original action.

## PARTIES

2.      Plaintiff Jason Kirschenbaum is a United States citizen and domiciliary of New York state.

3.      Plaintiffs Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua Kirschenbaum and David Kirschenbaum are respectively the mother, sister and brothers of Plaintiff Jason Kirschenbaum.  All are citizens of the United States and domiciliaries of New York State.

4.      Plaintiff Jasons Kirschenbaum's father, Martin Kirschenbaum, who was a named Plaintiff in the original action, has since passed. His claim is brought by Isabelle Kirschenbaum, as Executrix of Mr. Kirschenbaum's estate.

5.      Defendant The Islamic Republic of Iran ("Iran") is a foreign state designated a state sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)).

6.      Defendant The Iranian Ministry of Information and Security ("MOIS") is the Iranian intelligence service through which Iran sponsored the terrorist group responsible for the extrajudicial killing described below.

2

## JURISDICTION, VENUE AND CHOICE OF LAW

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.
§§ 1330(a), 1331, and 1605A.

8.      This Court has personal jurisdiction over Defendants Iran and MOIS pursuant to
28 U.S.C. §§ 1330(b), 1605A and 1608.

9.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(f)(4).

## STATEMENT OF FACTS

10.      In autumn 2001, Plaintiff Jason Kirschenbaum was an 18 year old living in Israel
for a year of study abroad.

11.      Early in the evening of Saturday, December 1, 2001, he was on his way to meet a
friend for dinner at the pedestrian mall on Ben Yehuda Street in Jerusalem.

12.      Just then, two suicide bombers walked into the mall square and detonated
explosive devices, first one and then another, loaded with shrapnel and nails. The second
bomber detonated his device just 20 feet from where Plaintiff Jason Kirschenbaum stood.

13.      The anti-Israel organizations Hamas and Islamic Jihad claimed responsibility for
the attack described above, which killed ten people and injured some 150 more. The killings
involved were "extrajudicial" killings within the meaning of 28 U.S.C. § 1605A. Hamas and
Islamic Jihad are both designated foreign terrorist organizations under 8 U.S.C. § 1189.

14.      Defendants Iran and MOIS have knowingly provided material support and
substantial assistance to Hamas and Islamic Jihad in their terrorist activities, including the
extrajudicial killings mentioned above. Through Hamas and Islamic Jihad, Defendants

3

knowingly and by explicit or implied agreement with perpetrators provided material support and substantial assistance in planning and carrying out suicide bomb attacks. The attack described above was a foreseeable consequence of such agreement, support and assistance, as were consequent personal injuries to Plaintiffs as itemized herein.

15.     Defendant MOIS acted in all pertinent respects as an "agent" of Defendant Iran within the meaning of 28 U.S.C. § 1605. Perpetrators of the attack described above, while planning it and carrying it out, were agents of Defendants acting within the scope of their agency. Defendants' agents, officials, and employees routinely provided material support and substantial assistance to both Hamas and Islamic Jihad while acting within the scope of their employment, knowing and intending that such support and assistance would aid in the perpetration of suicide bombings and other forms of extrajudicial mortal violence against residents of Israel.

16.     The conduct of Defendants in providing material support and substantial assistance in the attack and extrajudicial killings described above was outrageous, malicious, intentional and in willful, wanton and reckless disregard of Plaintiffs' rights. Similar conduct by United States agents, officials, or employees within the United States would be actionable.

17.     The attack described above left Plaintiff Jason Kirschenbaum with a broken left arm and with ten pieces of shrapnel in his leg. He was taken to Shaare Tzedek Hospital where he underwent immediate surgery to remove eight half inch nuts from his leg.

18.     Over the next few days, he underwent several further procedures to repair his leg. On December 8, 2001, his leg became infected and he underwent still further surgery to remove two remaining half inch nuts from his leg. He remained in Jerusalem for six weeks thereafter to recover.

4

19.     Once he was stable, he returned to the United States for physical therapy. Around that time, he began having nightmares of the bombing and sought psychological therapy, which he has continued to receive thereafter.

20.     Plaintiffs Martin and Isabelle Kirschenbaum first learned of the attack described above by watching CNN after returning home from Sabbath services. Plaintiff Isabelle Kirschenbaum immediately began trying to call Jason on his cell phone, but could not reach him. She and her husband then called their other son, Plaintiff Joshua Kirschenbaum, in Tel Aviv. He also attempted in vain to reach Jason via cell phone. Within the hour, Plaintiffs Martin, Isabelle and Joshua Kirschenbaum learned through a phone call from Huna Friedland, Plaintiff Jason Kirschenbaum's rabbi, that he had been wounded and was en route to the hospital. Due to Plaintiff Jason Kirschenbaum's injuries as described here, all other Plaintiffs suffered severe emotional distress, worry for his possible death, for his recovery and for his future, and deprivation of his companionship.

## COUNT I
## PERSONAL INJURIES
## CAUSED BY EXTRAJUDICIAL KILLINGS:
## 28 U.S.C. §§ 1605A-1606

21.     Paragraphs 1 through 20 above are incorporated as if set forth here.

22.     Antiterrorism provisions codified at 28 U.S.C. §§ 1605A-1606 establish causes of action against Defendants for providing material support in the extrajudicial killings mentioned above, thereby causing personal injury to Plaintiffs.

23.     As a proximate and foreseeable consequence of the bomb attack and extrajudicial killings described above, materially supported and substantially assisted by Defendants, Plaintiff

5

Jason Kirschenbaum has suffered personal injury including lost wages, medical expenses, severe pain and suffering, and severe emotional distress.

    24.    As a proximate and foreseeable consequence of Defendants' material support and substantial assistance in the bomb attack and extrajudicial killings described above, Plaintiffs Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua Kirschenbaum and David Kirschenbaum have suffered severe emotional distress over the injury to Plaintiff Jason Kirschenbaum and loss of his companionship.

**COUNT II**
**PERSONAL INJURIES CAUSED BY EXTRAJUDICIAL KILLINGS: FEDERAL COMMON LAW**

    25.    Paragraphs 1 through 24 above are incorporated as if set forth here.

    26.    Federal common law establishes causes of action against Defendants for providing material support in the extrajudicial killings mentioned above, thereby causing personal injury to Plaintiffs.

    27.    As a proximate and foreseeable consequence of the bomb attack and extrajudicial killings described above, materially supported and substantially assisted by Defendants, Plaintiff Jason Kirschenbaum has suffered personal injury including lost wages, medical expenses, severe pain and suffering, and severe emotional distress.

    28.    As a proximate and foreseeable consequence of Defendants' material support and substantial assistance in the bomb attack and extrajudicial killings described above, Plaintiffs Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn Teitlebaum, Joshua Kirschenbaum and David Kirschenbaum have suffered severe emotional distress over the injury to Plaintiff Jason Kirschenbaum and loss of his companionship.

6

## COUNT III
## BATTERY OF PLAINTIFF JASON KIRSCHENBAUM: NEW YORK COMMON LAW
## (CONSPIRACY; AIDING AND ABETTING)

29.     Paragraphs 1 through 28 above are incorporated as if set forth here.

30.     As a proximate and foreseeable consequence of the attack and extrajudicial

killings described above, materially supported and substantially assisted by Defendants, Plaintiff

Jason Kirschenbaum suffered harmful and offensive contact. He is entitled to relief therefor

under New York common law.

31.     As a proximate and foreseeable consequence of Defendants' material support and

substantial assistance in the attack and extrajudicial killings described above, Plaintiff Jason

Kirschenbaum has suffered personal injury including lost wages, medical expenses, severe pain

and suffering, and severe emotional distress. He is entitled to relief therefor under New York

common law.

## COUNT IV
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS: NEW YORK COMMON LAW (CONSPIRACY; AIDING
## AND ABETTING)

32.     Paragraphs 1 through 31 above are incorporated as if set forth here.

33.     As an intended, proximate and foreseeable consequence of the attack and

extrajudicial killings described above and of Defendants' material support and substantial

assistance therein, Plaintiff Jason Kirschenbaum has suffered severe emotional distress from his

direct physical involvement.

34.     As an intended, proximate and foreseeable consequence of the attack and

extrajudicial killings described above and of Defendants' material support and substantial

7

assistance therein, Plaintiffs Martin Kirschenbaum, Isabelle Kirschenbaum, Danielle Lynn

Teitlebaum, Joshua Kirschenbaum and David Kirschenbaum have suffered severe emotional

distress over the injury to Plaintiff Jason Kirschenbaum and loss of his companionship.

35.     Plaintiffs are entitled to relief for these injuries under New York common law.


WHEREFORE, in view of the claims raised above, Plaintiffs demand judgment, jointly

and severally, against Defendants as follows: (a) TWENTY MILLION DOLLARS ($20,000,000),

not including costs, to Plaintiff Jason Kirschenbaum for lost wages, medical expenses, severe

pain and suffering and severe emotional distress stemming from his injuries; (b) TEN MILLION

DOLLARS ($10,000,000) each, not including costs, to Plaintiffs Isabelle Kirschenbaum as

Executor of Martin Kirschenbaum's estate, Isabelle Kirschenbaum, Joshua Kirschenbaum, David

Kirschenbaum and Danielle Lynn Teitlebaum for severe emotional distress and solatium with

respect to the injuries to Plaintiff Jason Kirschenbaum and loss of his companionship; (c)

THREE HUNDRED MILLION DOLLARS ($300,000,000.00) in punitive damages.

Date: October 13, 2008

                                        Respectfully submitted,


                                        Barry L. Leibowitz, Esquire
                                        Bar No. 158949
                                        LEIBOWITZ & BAND, LLC
                                        2730 University Boulevard West
                                        Suite 910
                                        Wheaton, MD 20902
                                        (301) 942-8378


8

Allen L. Rothenberg, Esquire
Bar No. 328088
THE LAW FIRM OF ALLEN L. ROTHENBERG
Rothenberg Center, 2nd Floor
1420 Walnut Street
Philadelphia, PA 19102
(800) 624-8888

Attorneys for Plaintiffs

9