UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JASON KIRSCHENBAUM, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 08-cv-1814 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

This action arises from the December 1, 2001 suicide bombing of Ben Yehuda Street in Jerusalem, Israel by members of the terrorist organization Hamas.[1] The attack killed twenty and wounded over one-hundred, including Jason Kirschenbaum, an American citizen studying abroad. Plaintiffs, who include Jason, his parents and his siblings, allege that Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS") provided financial and material support to Hamas and thus are liable for Jason's injuries. Plaintiffs bring suit under the state-sponsored terrorism exception, 28 U.S.C. § 1605A, of the Foreign Sovereign Immunities Act ("FSIA"), seeking $70 million in compensatory damages and $300 million in punitive damages. Complaint 8, Oct. 17, 2008 [3]. The Court has previously found defendants "liable for the severe and traumatizing injuries to Jason . . . and the emotional distress suffered by his family, which resulted from the tragic suicide bombing of Ben Yehuda Street in Jerusalem on December 1, 2001," Opinion and Order 15, Dec. 15, 2010 [26] ("Op."), and denied plaintiffs' request for compensatory damages because they previously recovered such damages. *See id.* at

---

[1] References to "Hamas" are to "Harakat al-Muqawama al-Islamiyya, the jihadist Palestinian militia" generally known by that name. *Sisso v. Islamic Republic of Iran*, 448 F. Supp. 2d 76, 79 (D.D.C. 2006).

15–16. ("[P]rinciples of double-recovery prevent plaintiffs from obtaining any compensatory damages."). The issue before the Court today is the appropriate measure of punitive damages.

This case, along with the prior related case of *Kirschenbaum v. Islamic Republic of Iran*, 572 F. Supp. 2d 200 (D.D.C. 2008) ("*Kirshenbaum I*"),[2] form the companion cases to the *Beer* cases, which include *Beer v. Islamic Republic of Iran*, 574 F. Supp. 2d 1, (D.D.C. 2008), ("*Beer I*"), *Beer v. Islamic Republic of Iran*, ___ F. Supp. 2d __, __, No. 08 Civ. 1807, 2010 U.S. Dist. LEXIS 129953 (D.D.C. Dec. 8, 2010) ("*Beer II*"), and—most recently—Memorandum Opinion, *Beer*, No. 08 Civ. 1807, May 19, 2011 [31] ("*Beer III* Op."). *See* Op. at 5 n.2 (explaining that "*Kirschenbaum I* and this case [are the] companion cases to [the *Beer* cases]" because both cases arose from suicide bombings, followed similar procedural tracks, had opinions issued and subsequent suits filed on identical days, and plaintiffs in both cases share lawyers). Nearly two months ago, this Court in *Beer II* expressed reservations with the established method of calculating punitive damages in FSIA actions, ___ F. Supp. 2d at __, 2010 U.S. Dist. LEXIS 129953 at *43, and in response, the Court here "invite[d] plaintiffs here to join the *Beer II* plaintiffs in briefing the Court on those issues." Op. at 16. Plaintiffs subsequently submitted a joint brief with the *Beer* plaintiffs in which they assert that "the amount of punitive damages requested . . . passes Constitutional muster," because defendants' conduct was "without a doubt highly reprehensible." Memorandum Regarding Punitive Damages 4, Jan. 10, 2011 [27] ("Ps. Br."). Plaintiffs also note that their request "is based on a specific methodology formulated by an expert . . . and adopted by this Court" that is "carefully designed to deter Iran from future misconduct." *Id*. at 5. For the reasons set forth in the *Beer III* opinion issued today, the Court

---

[2] Principles of finality would normally bar a second suit against defendants for the same events. However, when Congress passed the current state-sponsored terrorism exception it also created a provision that permits plaintiffs with existing suits to bring subsequent actions under the new exception. *In re Islamic Republic of Iran Terrorism Litig.*, 659 F. Supp. 2d 31, 65 (D.D.C. 2009).

agrees with plaintiffs, and holds that the established method for calculating punitive damages should determine the appropriate award in this case. *See generally Beer III* Op. at 3–19.

Here, as in *Beer III*, plaintiff relies on the standard estimation of defendants' support for international terrorism—$100 million—and the typical multiplier used in FSIA litigation—3. The Court will thus award $300 million in punitive damages, to be dispersed in proportion to each plaintiff's share of the compensatory award. *Id.* at 19–20.

A separate Order and Judgment consistent with these findings shall issue this date.

Signed by Royce C. Lamberth, Chief Judge, on May 19, 2011.